**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JYH-CHAU HORNG,<br>Defendant. | Case No. 15-cr-00065-BLF-2<br><br>**ORDER DENYING MOTION FOR STAY OF EXECUTION**<br><br>[ECF 435] |

On February 11, 2020, the Court sentenced Defendant Henry Horng for two counts of filing false federal income tax returns in violation of 26 U.S.C. § 7206(1) and one count of making false statements to a government agency in violation of 18 U.S.C. § 1001(a)(2), of which he was found guilty by a jury in June 2018. ECF 431; *see* ECF 430 at 1, ECF 284. At the sentencing, the parties agreed upon a surrender date of March 25, 2020. Then, on March 4, 2020, Defendant Horng filed a motion to stay execution of his sentence until January 4, 2021. ECF 433 ("Mot."). This would be a delay of more than 8 months. In his motion, Horng says that he seeks this delay so that he can assist his daughter—who is junior in high school—with her college applications. *See* Mot. at 1. Thus, his requested surrender date of January 4, 2021 is after the due dates for her all prospective schools. *Id.* at 2 n.1. The Government opposed the motion, ECF 435 ("Response"), and it is now before the Court.

The Court DENIES Horng's motion. "A stay is not a matter of right. . . . It is instead 'an exercise of judicial discretion.'" *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)) (alterations in original); *Wilke v. United States*, 422 F.2d 1298, 1299 (9th Cir. 1970) ("The district court clearly acted within its discretion in denying his motion to postpone sentence."). Sadly, innocent family members suffer the consequences of the illegal conduct of their loved ones in all cases. Often the consequences are dire, such as loss of the sole

wage earner or caregiver. The Court does not ignore these hardships and values the critical role parents play in guiding their children through challenging times. That said, and recognizing the impact that Horng's incarceration will have upon his family and specifically his daughter, the Court does not believe Horng has sufficiently justified the lengthy delay sought. A stay of 8 months is an extraordinary accommodation and must be justified by equally extraordinary circumstances. Horng has not shown that such circumstances are present, wherefore the Court DENIES the motion.

**IT IS SO ORDERED.**

Dated: March 12, 2020

_____
BETH LABSON FREEMAN
United States District Judge